Overton, j.
 

 This was an action of ejectment commenced by the lessor of the plaintiff against the defendant, and on the trial it appears the lessor of the plaintiff shewed in evidence a grant from the state, with a regular deraignment of title to himself. The defendant then exhibited in evidence, an older grant than the grant of the plaintiff, to the same piece of land, to a third person; and insisted, that having shewn this better title out of the lessor of the plaintiff, he ought to be permitted to recover. The lessor of the plaintiff then shewed that the title of the older grantee was in himself by purchase at sheriff's sale. This evidence was objected to by the defendant, and the circuit judge decided that the evidence could not be received.
 

 The defendant shewed no title, or color of title in himself, uor permission from any person who had a title.
 

 
 *516
 
 It would seem that the court below erred on two grounds:
 

 First. It ought not to have permitted a person without a color of title, to shew a better title out of the lessor of the plaintiff.
 

 And,secondly,had this been proper, it ought to have allowed the plaintiff to shew that this better title was in himself, or in other words, was not out of the lessor of the plaintiff.
 

 The court are constrained to consider the defendant in the light of a mere trepasser or intruder, who is not competent to call into question any man’s title regularly deduced. In any country a contrary doctrine would be attended with inconvenience and injustice; it would produce litigation by encouraging trespasses on lands, for the avowed purpose of calling on persons supposed to have defective titles, to shew them in courts of justice; and beside, when it shall appear that a complete title cannot be shewn, such trespassers may take advantage of their own wrong, by holding the possession, ond compelling the honest claimant to discover the weakness of his title, contrary to the general policy of the law.
 

 Second. Admitting, however, that it were proper a mere possessor should be allowed to shew a better title out of the lessor of the plaintiff, he ought to be pemitted to rebut that evidence by shewing such suppesed better title was in fact void, or that in fact it was not out of the lessor of the plaintiff, but
 
 in him.
 
 It is objected by the defendant, that the sheriff's deed was executed since the pleadings were made up in the cause. This circumstance can make no difference; permission to defendants to shew a better subsisting title out of the lessor of the plaintiff, is founded on the presumption that such possessions are rightful. This presumption in every case in England, is attached to bare possession; not so here, where bare possession is never evidence of right. Cases, which it is said, were determined in the late superior court, have put this question at rest. Those which are recollected as bearing relation to this subject, are, Hampton vs. M'Ginnis, Miller vs. Holt, and Read’s lessee vs. Dotson and Buford. In all these cases the idea of the possessor or defendant being
 
 *517
 
 a trespasser was expressly excluded, it appearing the defendants were in possession, claiming title
 
 bona fide,
 
 or by permission of those who had title, though they could not make out a regular title to the land. Now, there seems to be a manifest distinction between the case of a mere trespasser on land without the least appearance of title, or permission from him who has, and one who takes possession, believing he has a good title, though it afterwards turn out to be defective. In the latter case, the idea of trespass never enters the mind; and upon this principle it is, that the doctrine laid down in the cases alluded to, will be found correct.
 

 In the case before the court, the plaintiff shews a
 
 prima facie
 
 regular title, which, when the suit was commenced, he most probably believed was the only one, or the best known of. In the progress of the cause, he discovers there is a better title in a third person
 
 ;
 
 surely he ought to be permitted to purchase this title, in order to rebut a defence which might be set up by the defendant on such outstanding claim. It is not to be understood as the meaning the court, that a person is competent to commence an action of ejectment, which is founded on the idea of possession, and maintain that action in any case without a good
 
 prima facie
 
 title in himself at the time of its commencement, but that he should be permitted to meet the objection of the defendant contemplated in this case, is perfectly just, especially in a country where there are many conflicting titles to the same piece of land, as is frequently the case in this. The out standing title, or the one under which neither party claims at the commencement of the suit, ought to be equally accessible to both, agreeably to the principles of justice, and the manner in which the case presents itself to the court. Vide ante Then the favor shewn by the common law to possession, is attained; the defendant or possessor can avail himself of it, though he has no connection with the title which he
 
 shews;
 
 but the plaintiff cannot, unless such better title is in himself.
 
 *
 

 The judgment must be reversed.
 

 *
 

 By statute a person out of possession, is allowed to purchase a title to a piece of land ; and it has been decided that a sheriff on execution may sell a title,tho' the owner there of be out of possession, and tho' another be in possession, claiming adversely. Vide ante pa. 101.